1  RILEY A. CLAYTON
   Nevada Bar No. 005260
2
   **HALL JAFFE & CLAYTON, LLP**
3  7455 W. WASHINGTON AVENUE
   SUITE 460
4  LAS VEGAS, NEVADA 89128
   (702) 316-4111
5  FAX (702)316-4114

6  Attorney for Defendant,
   State Farm Mutual Automobile Insurance
7  Company

8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10

11 | WILLIAM SCHMITT,
   |                                  CASE NO.: 2:10-cv-01243-GMN-RJJ
12 |        Plaintiff,

13 | vs.                              STIPULATION AND ORDER FOR
   |                                  DISMISSAL WITH PREJUDICE AND
14 | SANDRA FILLING, an individual; STATE   AGREEMENT FOR PRIVATE BINDING
   | FARM MUTUAL AUTOMOBILE            ARBITRATION
15 | INSURANCE COMPANY; DOES 1 through
   | 10; and ROE CORPORATIONS 1 through 10,
16 | inclusive,

17 |        Defendants.

18

19     This Stipulation and Order of Dismissal and Agreement for Private and Binding Arbitration

20 (hereinafter "Agreement") is entered into by Plaintiff, William Schmitt ("Plaintiff"), and Defendant,

21 State Farm Mutual Automobile Insurance Company ("State Farm"), (collectively referred to as the

22 "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from an August 11,

23 2008, automobile accident and subsequent claims handling, which culminated in a lawsuit styled

24 *William Schmitt v. Sandra Filling, State Farm Mutual Automobile Insurance Company, et al,* currently

25 pending in the United States District Court, District of Nevada, Case No. 2:10-cv-01243-GMN-RJJ.

26 Plaintiff is represented by Ralph Schwartz, Esq. State Farm is represented by Hall Jaffe & Clayton,

27 LLP. Defendant, Sandra Filling, has been dismissed from the lawsuit with prejudice under a separate

28 stipulation and order.

The following terms and conditions of this Agreement will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. State Farm issued a policy of automobile insurance, Policy No. 0076-952-28G, which provides, among other coverages, uninsured motorist ("UM") coverage, subject to all terms, conditions, limitations of the policy and any applicable offsets.

2. In an effort to resolve all disputes and controversies between the Parties arising out of and relating to the subject automobile accident and subsequent claims handling, the Parties have agreed to place this matter into private binding arbitration, with all damages capped against State Farm at $90,000, which is the remaining amount available under the policy's UIM "each person" limit.

3. For and in consideration of the mutual covenants and promises made herein, the Parties enter into this Agreement and agree to be bound by its terms as fully stated herein.

4. The Parties agree that the arbitration shall be binding and shall be the sole and final resolution and adjudication of Plaintiff's claims against State Farm, which in any way arise out of or relate to the August 11, 2008, accident, and any claims handling or claims decision making. This clause and mutual promise is of the essence to this Agreement. The arbitrator's decision and award shall be the sole basis for recovery on these claims and shall be final and binding. The Parties agree that there shall be no right of appeal of the arbitrator's decision to any trial court, court of appeals, the Nevada Supreme Court, or to any other court, forum, person or entity, or the arbitrator himself. Likewise, the Parties agree that there shall be no right to submit a Motion for Reconsideration or similar or equivalent motion or request to the arbitrator.

5. The arbitrator shall not be informed concerning the "range of award" (discussed below) that the Parties have agreed upon. The arbitrator will only be asked to resolve the issue of Plaintiff's legal entitlement, if any, to additional UIM proceeds, subject to all terms, conditions, and offsets under the policy and Nevada law. In other words, the arbitrator shall determine fault for the accident (and apportion it appropriately if necessary), and the extent of Plaintiff's damages by placing a fair and equitable total value (which includes medical specials, income loss, other special damages, and general damages) on the Plaintiff's claim, and the application of any of the policy's terms, conditions and

exclusion, if applicable.  The arbitrator will not be asked to and will not consider any alleged claims handling/decision-making issues or liability for extra-contractual claims, including , but not limited to, breach of the implied covenant of good faith and fair dealing, statutory claims handling violations, or liability for punitive or other extra-contractual damages, as such extra-contractual claims and damages, have been and are expressly waived by Plaintiff and dismissed with prejudice by this Agreement.

6.   The Parties will jointly select a single arbitrator to serve as the arbitrator of this case.  The arbitrator will be James Armstrong, Esq.

7.   Plaintiff, through this Agreement, agrees to dismiss his present lawsuit with prejudice that is currently on file in the United States District Court, District of Nevada, with each party to bear its own fees and costs.

8.   The Parties shall advise the arbitrator of an agreement for binding arbitration and proceed in a manner that is agreeable to the Parties and to the arbitrator.  The Parties shall be allowed to conduct any reasonable discovery permitted under the Nevada Rules of Civil Procedure.  The arbitrator shall resolve any and all discovery disputes, including the scope of permitted discovery.  Subpoenas can be issued and enforced pursuant to NRS 38.233.  Arbitration briefs and exhibits are to be submitted in accordance with the instructions and desires of the arbitrator.

9.   The arbitration hearing will be held at a mutually agreed upon date.

10.   The arbitrator shall be given discretion to conduct the arbitration hearing in an informal and expeditious manner allowing for such testimony or evidence as is needed to reach a decision.  The parties may submit and the arbitrator may consider written expert reports consistent with the format requirements of Nev. R. Civ. P. 26(a)(2) in lieu of live expert testimony.

11.   Regarding the Plaintiff's contractual UM claim against State Farm, the "range of award" herein shall be set at a $0.00 "low" and capped at a $90,000.00 "high."  The "high" derives from the potential payment of the remaining amount of the UM policy limit.  State Farm, however, will be entitled to an offset for the amount previously received by Plaintiff under the medical payments coverage in the amount of $10,000.  The Plaintiff also acknowledges that State Farm has already paid $10,000 in UM proceeds as its "initial offer."

12.     The only manner in which State Farm would be obligated to pay any UM money is if the arbitrator concludes that the total value of Plaintiff's claim exceeds $20,000. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was only $15,000, then State Farm would not be required to pay any additional UM proceeds. By way of a second example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $40,000, then State Farm would be obligated to pay $20,000 in new UM money.

13.     **The maximum that State Farm would ever be required to pay Plaintiff under this Agreement is $90,000.00, which is the remaining amount of the UM policy limit**. By way of example, if the arbitrator were to conclude that the total value of Plaintiff's claim was $150,000, then State Farm would only be obligated to pay Plaintiff the "high" of the range of award, which is $90,000 in UM money. State Farm would **not be required** to pay any amount that exceeds $90,000, and in such a circumstance, the excess award beyond the applicable offsets and the "high" against State Farm would automatically be reduced to $90,000.

14.     The arbitrator shall not be permitted to make an award of attorney fees, legal costs, or interest to any party. An Offer of Judgment will have no effect.

15.     Payments of the sum awarded, as limited by the parameters set forth herein, shall be made no later than 20 days after service of the arbitrator's decision.

16.     The Parties agree to equally share and pay for the arbitrator's fees and costs.

17.     This Agreement is binding on the Parties, their heirs, executors, administrators, personal representatives, legal representatives, and other such persons or entities.

///
///
///
///
///
///

18. The terms and conditions of this agreement may be modified upon the written and mutual agreement of the parties.

Dated this 14th of October, 2010.

HALL JAFFE & CLAYTON, LLP

By /s/ Riley A. Clayton
RILEY A. CLAYTON
Nevada Bar No. 005260
7455 West Washington Ave., Suite 460
Las Vegas, Nevada 89128
Attorney for Defendant

Dated this 14th of October, 2010.

RALPH A. SCHWARTZ, P.C.

By /s/ *per telephone authority given by Ralph Schwartz on 10-14-2010. Riley A. Clayton*
RALPH A. SCHWARTZ
Nevada Bar No. 005488
900 So. Fourth Street, Suite 212
Las Vegas, Nevada 89101
Attorney for Plaintiff

## *ORDER*

IT IS SO ORDERED this 19th day of October, 2010.

_____
Gloria M. Navarro
United States District Judge

5